## Warner v. Warner (No. 2)

*Calvin J. Friedberg*, for plaintiff.
*Raymond L. Brennan*, for defendant.

PALMER, P. J., January 6, 1958.—On August 13, 1957, defendants filed a motion to quash a writ of scire facias entered to no. 50, March term, 1955. The reason for said motion is that the writ does not conform to the praecipe in that it purports to revive the lien of the judgment entered to no. 401, March term, 1949, whereas the praecipe directs the issuance of a writ of scire facias to revive the lien of the judgment entered to no. 82, July term, 1944.

The praecipe reads as follows:

"IN THE COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF SCHUYLKILL

| | |
|---|---|
| CHARLES P. WARNER<br>Vs.<br>JOSEPH N. WARNER (Deceased)<br>CHARLES P. WARNER, Executor of Last Will & Testament of JOSEPH N. WARNER, Deceased, CLARA WARNER, now CLARA STAHLER (STALLER) Terre Tenant | No. 50<br>MARCH TERM,<br>1955<br>Scire Facias to Revive Judgment entered to No. 401, March Term 1949. |

"PRAECIPE FOR SCIRE FACIAS SUR JUDGMENT
"To HERBERT C. NOAKES, PROTHONOTARY:—

"Issue Scire Facias to revive and continue lien of the judgment in the above entitled case entered to No. 82 July Term, 1944, with notice to Charles P. Warner, Executor of the Last Will and Testament of Joseph N. Warner, Deceased, and to Clara Warner, now Clara Stahler (Staller), the above named terre tenant.

| | |
|---|---|
| Amount of Judgment | $ 819.00 |
| Interest from Feb. 17, 1949 to Dec. 16, 1954 | 286.65 |
| | $1105.65 |

Returnable—————————

> Hicks, Williamson, Friedberg & Jones
> By Calvin J. Friedberg,
> Atty. for Plaintiff"

The praecipe refers to "the above entitled case", which means no. 50, March term, 1955, a scire facias to revive judgment entered to no. 401, March term, 1949. It then presents a contradiction in its direction to the prothonotary by indicating an intent to revive no. 82, July term, 1944. The judgment which it intends to revive is no. 401, March term, 1949. The praecipe is faulty in form in that it seemingly would intend to revive two separate judgments. No. 82, July term, 1944, was the judgment from which a scire facias had issued in the past to revive to no. 401, March term, 1949.

This case has been before us before on similar questions involving errors in formality.[1] As we decided in that instance, a failure to construe errors in formality in the light most favorable to the plaintiff would do him irreparable harm. He would lose the lien of his judgment and possibly all right to recover his claim. If the praecipe in this case had only made reference to a revival of no. 82, July term, 1944, the authorities presented by defendants' counsel would be applicable as the praecipe would be a nullity and void from its inception and therefore the writ also would be void. The reference in the praecipe to the proper judgment to be revived, no. 401, July term, 1949, corrects this error, particularly insofar as there is no contention that all parties in interest were not properly served and had ample opportunity to defend upon the merits. The praecipe refers to two prior judgments, in which case we may properly associate it with the proper judgment to be revived and regard the other one mentioned as mere surplusage.

And now, January 6, 1958, defendants' motion to quash the writ of scire facias is hereby overruled.

---

[1] Warner v. Warner, 8 D. & C. 2d 762.